IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CECIL JEROME HATCHETT**,

       Plaintiff,

  v.

**U.S. BANK NA and RICHARD DAVIS**,

       Defendants.

No. 3:14-cv-00691-MO

INITIAL REVIEW ORDER

**MOSMAN, J.,**

      Cecil Jerome Hatchett instituted this action *pro se* on April 25, 2014.  Mr. Hatchett seeks leave to proceed in forma pauperis. (Pet. [2].)  His application for leave to proceed in forma pauperis [2] is GRANTED for the purposes of this initial review order.

      Mr. Hatchett named himself as Defendant and named U.S. Bank and its President, Richard Davis, as Plaintiffs.  Mr. Hatchett asserts federal question jurisdiction arising from, *inter alia*, various provisions of the Bill of Rights and the Fourteenth Amendment.  *See* ECF No. 1 at 3.  He alleges that "U.S. Bank [and others] are try[ing] to uphold an[ ] illegal predatory loan . . . [they] are part of a crime against poor people Cecil and son." *Id.*  The basis of this allegation is

1 – INITIAL REVIEW ORDER

that "[t]he money that the [three] bussiness [*sic*] didn't even legally exist in the first place.  A lawful consideration must exist and be tendered to support the Note."  *Id.*

## LEGAL STANDARDS

The court is to review complaints filed in forma pauperis and dismiss sua sponte any claims which (1) fail to state a claim on which relief can be granted; (2) are frivolous or malicious; or (3) seek monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## DISCUSSION

Review of the complaint and documents attached thereto indicates that U.S. Bank has filed a foreclosure action in Multnomah County Court seeking foreclosure on a deed of trust granted by Mr. Hatchett and/or his son, Cecil Jerome Hatchett III.  *See* ECF No. 1-1 at 3, 13–28.  First, notwithstanding the fact that Mr. Hatchett named himself as Defendant and U.S. Bank and its President as Plaintiffs, I have treated the action primarily as one brought by Mr. Hatchett against these parties as Defendants.  I interpret Mr. Hatchett's claim as a challenge to the foreclosure proceeding pending in Multnomah County Court.  The allegations suggest that Mr. Hatchett may be attempting to raise two defenses to foreclosure: first, that there was no consideration to support the deed of trust; and second, that the foreclosure proceedings violate the various amendments to the United States Constitution named as the basis for federal question jurisdiction.  Documents submitted by Mr. Hatchett indicate that he has sought and been denied a set-over of the foreclosure proceedings.  ECF No. 1-1 at 3, 28.

As to the validity of the deed of trust, Mr. Hatchett may be seeking a declaratory judgment to the effect that the deed of trust may not be enforced by U.S. Bank or its President.

Alternatively, he may be asking that I enjoin them from proceeding with foreclosure in Multnomah County Court based on the invalidity of the deed of trust

Either remedy would require this court to enjoin the ongoing foreclosure proceedings already taking place in Multnomah County Court. This I cannot do. Title 28, United States Code § 2283 (the "Anti-Injunction Act") provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Ninth Circuit has held that the Anti-Injunction Act applies "although the injunction would be directed at a litigant . . . instead of the state court proceeding itself." *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2001). None of the exceptions to the Anti-Injunction Act apply to a suit brought by the grantor of a deed of trust against the bank or other entity holding that deed of trust. Thus, the Anti-Injunction Act requires dismissal of this suit.

Moreover, Mr. Hatchett has not stated a claim for violation of the United States Constitution against U.S. Bank or its President. Claims based on violations of constitutional rights are most often brought under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created under the United States Constitution.[1] U.S. Bank and its President are private parties, and do not act under color of state law in seeking to enforce a deed of trust. Mr. Hatchett therefore cannot state a claim against them under Section 1983. As such, there is no federal question jurisdiction over this suit, and it must be dismissed.

---

[1] Section 1983 has been held an express authorization from Congress allowing a federal court to stay state court proceedings. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). This exception to the Anti-Injunction Act is of course not invoked here, as Mr. Hatchett states no claim under Section 1983.

3 – INITIAL REVIEW ORDER

Instead of seeking to bring a new cause of action, Mr. Hatchett may be attempting to remove the foreclosure proceedings from Multnomah County Court to this court. This is suggested by his naming himself as Defendant and U.S. Bank and its President as Plaintiffs on his civil complaint form. *See* ECF No. 1 at 1. However, such removal is improper under Title 28, United States Code Section 1441(b)(2), commonly referred to as the "forum defendant rule." The forum defendant rule provides that an action otherwise removable based on diversity of citizenship may not be removed if "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Mr. Hatchett alleges that he is an Oregon citizen. ECF NO. 1 at 1–2. As such, removal is improper, and the suit must be remanded.

## CONCLUSION

Mr. Hatchett's application for leave to proceed in forma pauperis [2] is GRANTED for the purposes of this initial review order. For the reasons discussed above, Mr. Hatchett's complaint is DISMISSED without prejudice. Mr. Hatchett's Motion for Appointment of Counsel [3] is DENIED.

IT IS SO ORDERED.

DATED this _7th_ day of May, 2014.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge


4 – INITIAL REVIEW ORDER